# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01988-JHN-JC | Date | July 14, 2011 |
|---|---|---|---|
| Title | Jennifer Walton v. AT&T Mobility et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **ORDER REMANDING THE ACTION TO COUNTY OF LOS ANGELES SUPERIOR COURT (IN CHAMBERS)**

The Court has reviewed the Notice of Removal filed by Defendant AT&T Mobility Services LLC, erroneously sued as AT&T Mobility ("AT&T"). (Docket No. 1.) After careful consideration of the Notice of Removal, the Complaint, and the parties' Joint Rule 26(f) Report, the Court **REMANDS** the action to the **SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES** for the reasons stated below.

This is a civil rights case that calls for the application of California employment discrimination laws. Plaintiff Jennifer Walton ("Plaintiff") filed this lawsuit in state court asserting causes of action for wrongful termination and violation the California Fair Housing Employment Act ("FEHA"). Plaintiff alleges that she was hired by AT&T in 1995. In 2008, her new supervisor began making "racially charged comments at Plaintiff." (Compl. ¶ 8.) In April 2010, Plaintiff was terminated from her employment. (*Id.* ¶ 20.) This lawsuit against AT&T and her former supervisor ensued.

On March 8, 2011, AT&T removed the case to this Court on the basis of diversity jurisdiction. In the Notice of Removal, AT&T indicated that Plaintiffs' general and special damages, as well as punitive damages and attorney's fees "clearly exceed $75,000." (Notice of Removal, ¶ 23.) AT&T asserts that "[s]imilar claims brought in the Los Angeles Superior Court and the United States District Court in California have resulted in jury verdicts well in excess of the jurisdictional minimum." (*Id.* ¶ 25.)

The defendant bears the burden of establishing the propriety of removal, including actually proving that the amount in controversy exceeds $75,000. *See Gaus v. Miles,*

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01988-JHN-JC | Date | July 14, 2011 |
|---|---|---|---|
| Title | Jennifer Walton v. AT&T Mobility et al | | |

*Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). When the complaint is unclear as to the amount of damages that plaintiff seeks, the defendant must show by a preponderance of the evidence that the amount in controversy requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996). When it is not "facially apparent" from the complaint that the claims likely exceed the required amount, the district court may consider facts set forth in the notice of removal and "summary judgment-type evidence" relevant to the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). Conclusory allegations are insufficient to meet the burden; rather, defendant must state the underlying facts supporting its assertion that the amount in controversy is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)(allegations on "information and belief" did not prove jurisdictional amount for purposes of removal jurisdiction). The strong presumption against removal jurisdiction necessarily means that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F. 2d at 566.

In this case, at the time of removal, AT&T asserted without any factual support that the jurisdiction minimum requirement was met. However, the record does not support this claim. Indeed, in the parties' Joint Rule 26(f) Report, the parties submit that Plaintiff's approximate loss of income as of June 2011 is merely $44,580 and the approximate loss of future income is $3,500 per month. (Joint Rule 26(f) Report at 7.) "[T]he amount in controversy is measured *as of the date of removal*," not as increased or decreased due to later events. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 83 L. Ed. 334, 59 S. Ct. 347 (1939); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Therefore, at the time of removal, the amount in controversy appears to be well below the jurisdictional minimum.

AT&T included Plaintiff's potential recovery of attorney's fees and punitive damages in claiming that the jurisdictional requirement was met. (Notice of Removal, ¶¶ 23–24.) Attorney's fees may be included in the determination of the jurisdictional amount if such recovery is allowed by contract or state. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998). Some courts include the calculation of attorney's fees incurred after the date

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01988-JHN-JC | Date | July 14, 2011 |
|---|---|---|---|
| Title | Jennifer Walton v. AT&T Mobility et al | | |

of removal and other courts prohibit it.[1] It is unnecessary to reach the issue here because AT&T did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future. Bald assertions are simply not enough. Thus, AT&T's inclusion of Plaintiff's attorney's fees is speculative, unsupported, and cannot be included in determining the amount in controversy. With regard to punitive damages, they may be included in the amount in controversy inquiry if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, AT&T failed to point to any factual allegations in the Complaint showing that punitive damages are likely to be awarded in this case. Therefore, AT&T's inclusion of punitive damages in the calculation of the jurisdictional amount is likewise speculative and unsupported. Lastly, in the Notice of Removal, AT&T included Plaintiff's potential recovery for emotional distress as part of the jurisdictional amount calculation. (Notice of Removal ¶ 23.) Again, AT&T failed to provide any factual basis to demonstrate that such damages are likely in this case.

In sum, AT&T failed to provide any evidence or basis for the Court to conclude that it is more likely than not that the amount in controversy exceeds $75,000. In light of the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 556, the Court REMANDS the action to the COUNTY OF LOS ANGELES SUPERIOR COURT.

All dates set in this case are vacated.

**IT IS SO ORDERED.**

---

[1] *Compare Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198 at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's fees spent after the date of removal) *with Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *Burk v. Medical Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068-1069 (D. Ariz. 2004).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01988-JHN-JC | Date | July 14, 2011 |
|---|---|---|---|
| Title | Jennifer Walton v. AT&T Mobility et al | | |

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |